UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| NAKEITRA GRANDBERRY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:17CV2531 HEA |
| MEDICAL-COMMERCIAL AUDIT, INC., d/b/a MCA MANAGEMENT, | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Leave to Amend Responses, [Doc. No. 44], and Plaintiff's Motion to Strike, [46]. For the reasons set forth below, the Motion for Leave will be granted and the Motion to Strike will be denied.

### **Facts and Background**

This case arises out of alleged violations of the Fair Debt Collection Practices Act ("FDCPA") with respect to collection efforts against Plaintiff. The collection efforts concerned an alleged debt owed by Plaintiff to Western Anesthesiology.

Plaintiff filed the instant lawsuit in this Court on October 5, 2017. She alleges that Defendant's attempts to collect on the account violated the FDCPA.

The collection activities were with regard to an alleged consumer debt for medical services incurred by Plaintiff with the original creditor, Western Anesthesiology.

Violation I alleges that a letter sent by Defendant was false and misleading in that Defendant stated it would report Plaintiff to credit bureaus if it did not hear from Plaintiff within 15 days of the letter, when Defendant never reported the debt to the credit bureaus. Violation II alleges Defendant engaged in false, deceptive, misleading, and unfair debt collection practices when it directed Plaintiff to Defendant's website for payment and Plaintiff discovered that Defendant charged consumers a $5.00 convenience fee for payments made through its website. Plaintiff claims "Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1)."

## Discussion

Defendant seeks to amend its responses to Plaintiff's request for admissions because Defendant's counsel made a mistake. Rather than denying that Defendant credit reported Plaintiff's account to Equifax and TransUnion during the months of December 2016, January 2017, and February 2017, counsel mistakenly responded "admit." This error was discovered upon the reading of Plaintiff's Motion for Summary Judgment. Counsel promptly moved to amend.

Plaintiff, in her response to the Motion for Leave and in her Motion to Strike, argues bad faith and intentional withholding of the corrected admissions. Nothing in the record supports these claims. In fact, Defendant's counsel has submitted his affidavit wherein he avers he made the claimed mistakes unintentionally. Defendant has also submitted the affidavit of Julie Repa, Defendant's office manager. Ms. Repa avers that Defendant's procedure is as follows: "scheduled to be credit reported" means a debt will be credit reported during the next cycle of credit reporting, which typically occurred in 45 days. Further, Ms. Repa detailed that once a debt is scheduled to be reported, Defendant's collection software determines the exact date a debt will be credit reported based on the age of the debt from the time of delinquency and when the debt was placed with Defendant for collections.

Moreover, the record establishes that Plaintiff was aware of the credit reporting. In her December 13, 2016 Letter disputing Defendant's collection account, Plaintiff disputed the "collection account on [her] credit report."

The situation currently before the Court is not the typical attempt to change previously given testimony. Admittedly, counsel made an error in answering the Requests; Defendant itself is not trying to change its answers. Notwithstanding the errors, Plaintiff is not prejudiced by allowing the amendments. Plaintiff was aware of the credit reporting as shown in the letter she sent to Defendant disputing the

bill. Plaintiff should not be allowed a windfall by a mistake made by counsel when the underlying facts demonstrate that Defendant did send the report to Equifax and TransUnion. The Motion to Strike will be denied and the Motion to Amend will be granted.

## Conclusion

The interests of justice require allowance of the Motion to Amend as discussed herein. In light of this ruling, the Court will allow the parties to submit supplemental briefs regarding their respective motions for summary judgment within 7 days from the date of this Opinion, Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to Amend, [Doc. No. 44], is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike is denied.

Dated this 4th day of April, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE