UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NAKEITRA GRANDBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17CV2531 HEA |
| | ) | |
| MEDIDAL-COMMERCIAL AUDIT, | ) | |
| INC., d/b/a MCA MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion For Summary Judgment, [Doc. No. 26], Defendant's Rule 12(b)(1) Partial Motion to Dismiss, [Doc. No. 27], and Defendant's Motion for Summary Judgment, [Doc. No. 29]. Plaintiff has supplemented her Motion for Summary Judgment, with leave of Court to do. For the reasons set forth below, the Motions are denied.

Plaintiff filed this action against Defendant for alleged violations of the Fair Debt Collections Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Plaintiff claims she received a debt collection letter from Defendant threatening to report her account to the credit bureaus if Defendant did not hear from her in 15 days from the

1

date of the notice. Plaintiff alleges the statement was abusive and coercive and was made with the intent of scaring Plaintiff into making payment, and that the statement was false and misleading because Defendant never reported the debt to the credit bureaus.

Plaintiff also alleges that Defendant charges customers a $5.00 convenience fee for payments made through Defendant's website. Plaintiff alleges the convenience fee was not authorized by the agreement creating the debt or permitted by law, and that the addition of the fee was an attempt to collect an amount not owed by Plaintiff.

**Motion to Dismiss Violation II**

Defendant moves to dismiss Plaintiff's second claim of a violation of the FDCPA.

Defendant asserts that Plaintiff has failed to establish that she has standing. Defendant asserts that Plaintiff has not alleged facts to show that she suffered an injury-in-fact.

A Rule 12(b)(1) motion may be brought as either a "factual attack" or a "facial attack." *Jackson v. Abendroth & Russell, P.C.*, 207 F.Supp.3d 945, 950 (S.D. Iowa 2016) (citing *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007) ); *see also Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("A

Court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.' ").

A party makes a facial attack by challenging the sufficiency of the pleadings. In evaluating such a challenge, a "court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn*, 918 F.2d at 729 n.6 (internal citations omitted). In deciding a facial challenge, the Court looks only at the pleadings and essentially uses the Rule 12(b)(6) standard to determine whether the complaint states a facially plausible jurisdictional claim. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (stating the post-*Twombly* standard for Rule 12(b)(6)). When a complaint is facially challenged on jurisdiction, all of the factual allegations in the complaint are presumed to be true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In contrast, if the moving party mounts a factual attack, the Court will look beyond the pleadings and consider extrinsic evidence and the "non-moving party does not have the benefit of 12(b)(6) safeguards." *Osborn*, 918 F.2d at 729 n.6.

In the present case, Defendant does not state whether it intends to present a facial or factual jurisdictional attack. Nevertheless, upon review of the instant motion and supporting brief, it appears that Defendant ultimately makes a factual attack, since Defendant has included portions of Plaintiff's deposition.

In order to demonstrate that she has standing, Plaintiff must show that she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, ––– U.S. ––––, 136 S.Ct. 1540, 1547 (2016). As this case is at the pleading stage, Plaintiff must clearly have alleged facts demonstrating the satisfaction of each element. *Id.*

Here, the parties' main point of contention concerns the "injury-in-fact" element. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* (internal quotations omitted). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* (citing Black's Law Dictionary 479 (9th ed. 2009)). To be "concrete," an injury must be real and not abstract. *Id.* That being said, "concrete" does not necessarily mean "tangible" and intangible injuries can be concrete. *Id.* at 1549. "In determining whether an intangible harm constitutes injury in fact, both history and the judgement of Congress play important roles." *Id.* "History contributes to a finding of concreteness when the [alleged] intangible injury is closely related to a traditional

'basis for a lawsuit in English or American courts.'" *Jackson*, 207 F.Supp.3d at 952 (quoting *Spokeo*, 136 S.Ct. at 1549).

Further, Congress may identify and elevate concrete intangible injuries to the status of legally cognizable injuries "that were previously inadequate in law." *Spokeo*, 136 S.Ct. at 1549. However, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* As the Court stated in *Spokeo*, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* Accordingly, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* That being said, the *Spokeo* Court recognized that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact" and, in such a case, a plaintiff "need not allege any *additional* harm beyond the one Congress has identified." *Id.*

The Eighth Circuit has applied *Spokeo* and found that a plaintiff that had asserted "'a bare procedural violation [of the Cable Communications Policy Act], divorced from any concrete harm'" had failed to allege an injury-in-fact as required for Article III standing. *Braitburg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th

5

Cir. 2016) (quoting *Spokeo*, 136 S.Ct. at 1549). Specifically, the Eighth Circuit noted that the *Braitburg* plaintiff alleged only that the defendant "violated a duty to destroy personally identifiable information by retaining certain information longer than the company should have kept it" but had not alleged that the defendant had "disclosed the information to a third party, that any outside party [had] accessed the data, or that [defendant had] used the information in any way during the disputed period." *Id.* Likewise, the court noted that the plaintiff failed to identify any "material risk of harm from the retention." *Id.*

Defendant argues that Plaintiff did not suffer an injury in fact because she did not pay the convenience fee, therefore there has been no injury. In response, Plaintiff asserts that since the convenience fee was added, she was unable to pay the debt that she intended to pay at the time because she did not have the funds to pay the additional $5.00. Plaintiff argues there was a risk of real harm, *i.e.*, the additional fee. The Court therefore must determine whether this is sufficient to satisfy the injury-in-fact requirement.

"To determine whether [Plaintiff's] alleged FDCPA violations are by themselves sufficiently concrete to confer Article III standing, the Court must examine the provisions at issue and consider both the history of related harms in American and English courts, as well as Congress's judgment." *Jackson*, 207

F.Supp.3d at 959 (citing *Spokeo*, 136 S.Ct. at 1549). For the sake of clarity, the Court will first address the issue of "Congress's judgment."

15 U.S.C. § 1692(e) states that the purpose of the FDCPA is to: eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

The FDCPA "seeks 'to protect consumers from a host of unfair, harassing, and deceptive collection practices.'" *Jackson*, 207 F.Supp.3d at 959 (quoting S. Rep. No. 95-382, at 1). Further, Congress enacted the FDCPA to be primarily self-enforcing, with consumers who have suffered abusive collection practices enforcing compliance. *Id.* (citing S. Rep. No. 95-382, at 5); *see* 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum ..."). In order to achieve its goal of eliminating abusive debt collection practices, the FDCPA "mandates various procedures meant to decrease the risk" of harms associated with abusive debt collection practices and "each of these procedures helps prevent abusive actions by debt collectors." *Jackson*, 207 F.Supp.3d at 959. However, "this does not mean their violation automatically amounts to the injury

identified by Congress in the [FDCPA]." *Id.* (citing *Spokeo*, 136 S.Ct. at 1550). Accordingly, upon review, it is clear that Congress "intended to elevate violations of the FDCPA 'to the status of legally cognizable injuries' " *Jackson*, 207 F.Supp.3d at 959 (quoting *Lujan*, 504 U.S. at 578, 112 S.Ct. 2130).

Plaintiff testified in her deposition that she was precluded from paying online because of the fee. The Court is of the opinion that this is sufficient evidence of a material risk of harm at this stage of the litigation. Accordingly, the Court is satisfied that Plaintiff has standing to bring the claim.

**Motions for Summary Judgment**

Both parties move for summary judgment. The standard for summary judgment is well established. The Court may grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary Judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the mere existence of some alleged factual dispute. *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Id.* at 256.

In ruling on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Id.* at 249.

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. In order to survive a motion for summary judgment, "the nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [her] favor based on more than mere speculation, conjecture, or fantasy.'" *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782,

801 (8th Cir. 2011) (quoting *Putman v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003)) (internal quotation marks omitted).

Summary judgment is not proper in this case for either party. Originally, Plaintiff claimed that Defendant did not report her account to any credit bureaus. On presentation of evidence that Defendant did in fact report, Plaintiff submitted her declaration that she believed the 15 day notice meant that Defendant would actually report in that time period. Under the FDCPA standards, this evidence is sufficient to create questions of fact which require further development.

Likewise, the question of whether Defendant violated the FDCPA through the collection, by a third party, of a convenience fee for credit card payments. Again, this claim and the circumstances surrounding the claim *vis a vis* Plaintiff's state of mind require further development.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 27], is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, [Doc. No. 26], is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 29], is **denied**.

**IT IS FURTHER ORDERED** that the Court will notify the parties of the trial date in a separate order.

Dated this 3rd day of May, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE