UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAKEITRA GRANDBERRY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.   4:17CV2531 HEA |
| MEDIDAL-COMMERCIAL AUDIT, INC., d/b/a MCA MANAGEMENT, | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Attorney's Fees, [Doc. No. 98]. Plaintiff opposes the motion.   The motion is fully briefed and ready for adjudication.   For the reasons set forth below, the Motion is denied.

Plaintiff filed this action against Defendant for alleged violations of the Fair Debt Collections Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.   Plaintiff claimed she received a debt collection letter from Defendant threatening to report her account to the credit bureaus if Defendant did not hear from her in 15 days from the date of the notice.   Plaintiff alleged the statement was abusive and coercive and was made with the intent of scaring Plaintiff into making payment,

1

and that the statement was false and misleading because Defendant never reported the debt to the credit bureaus.

Plaintiff also alleged that Defendant charges customers a $5.00 convenience fee for payments made through Defendant's website.   Plaintiff alleged the convenience fee was not authorized by the agreement creating the debt or permitted by law, and that the addition of the fee was an attempt to collect an amount not owed by Plaintiff.

After a motion to dismiss and motions for summary judgment were denied, the trial in this case was set for June 10, 2019.

On May 24, 2019, Plaintiff's counsel filed a Motion to Continue the trial date due to religious observations. Defendant did not consent to Plaintiff's continuance request.

On May 28, 2019, the Court granted Plaintiff's motion to continue the trial date.   On June 6, 2019, the Court then set the case to August 19, 2019.   On August 9, 2019, the Court, *sua sponte,* reset the trial to August 21, 2019. Due to Defendant's counsel conflict, the Court reset the trial first to September 16, 2019 and then to October 22, 2019.

On the day of trial Plaintiff did not appear, nor did her lead counsel. Rather, local counsel appeared.   She advised counsel for Defendant that she

intended to read Plaintiff's deposition testimony and asked defense counsel for his copy.   Defense counsel ask her to enter into a consent judgment.   After consulting with lead counsel, local counsel agreed to the entry of a consent judgment in Defendant's favor.

Defendant moves attorney's fees pursuant to Section 1692k(a)(3) and 28 U.S.C § 1927. Section 1692k(a)(3) provides in relevant part:

> [o]n a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney[s'] fees reasonable in relation to the work expended and costs."

This Court has held that "[s]ection 1692k(a)(3) should be construed narrowly as not to discourage private litigation under the FDCPA." *Velez v. Portfolio Recovery Associates, Inc.,* 881 F.Supp.2d 1075, 1085 (E.D.Mo.2012) (citing *Kondratick v. Beneficial Consumer Disc. Co.,* 2006 WL 305399, at * 10 n. 4 (E.D.Pa. Feb.8, 2006)). "For an award to be made, 'there must be evidence that the plaintiff knew that his claim was meritless, and that plaintiff pursued his claims with a purpose of harassing the defendant.'" *Id.* (quoting *Allers–Petrus v. Columbia Recovery Grp., LLC.,* No. C08–5533FDB, 2009 WL 1160061, at *1 (W.D.Wash. Apr.29, 2009) (quoting *Gorman v. Wolpoff & Abramson, LLP,* 435 F.Supp.2d 1004, 1013 (N.D.Cal.2006)). To prevail on a motion for an award of

3

attorney's fees in this context, Defendant bears the burden of proof that plaintiff's complaint was filed in bad faith and for the purpose of harassment. *Allers–Petrus,* 2009 WL 1160061, at *1.

Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.A. § 1927.

Defendant asserts that Plaintiff never intended on being present for trial, nor did her lead attorney. Defendant further argues that Plaintiff was not even aware the suit had been filed and that she never had any contact with lead counsel who entered his appearance in this case. Further, Defendant questions the veracity of lead counsel's representations of his religious observances.

The Court was concerned with the accusations. Because of the magnitude of the substance of Defendant's claims, the Court allowed Plaintiff and her lead counsel to supplement the response to the attorney's fees motion. Counsel and Plaintiff have both filed declarations detailing the inaccuracies of Defendant's claims. The Court is satisfied that neither Plaintiff nor her lead attorney have misrepresented anything to the Court. Likewise, the declarations establish that

4

Plaintiff had contact with lead counsel's law firm, if not specifically with him. Counsel has not misrepresented his religious observances to the Court.  The fact that Plaintiff and lead counsel did not appear for trial does not establish any improper activities.  At best, it is a failure to prosecute, for which Defendant could have asked for dismissal based on Plaintiff failure to appear.  Defendant was able to achieve a better result with the consent judgment.

While the Court recognizes the frustration Defendant and its counsel have experienced throughout the course of this proceeding, there is no evidence that either Plaintiff or her lead counsel did anything untoward.  On the record before it, this Court concludes that an award of attorney's fees and costs is not justified. Although ultimately Plaintiff agreed to a consent judgment in favor of Defendant, there is no evidence that Plaintiff's claim was filed in bad faith for the purpose of harassing Defendant. Defendants do not offer any direct evidence of bad faith or purpose to harass by plaintiff. *Cf. Scroggin v. Credit Bureau of Jonesboro, Inc.*, —– F.Supp.2d ——, 3:12CV 128 SWW, 2013 WL 5306675 (E.D.Ark. Sept.20, 2013) (finding that plaintiff brought action in bad faith and for the purpose to harass defendant and awarding defendant attorney's fees where numerous posts and e-mails by plaintiff evidenced "his dishonesty of belief or purpose, his dishonest and oppressive conduct, his hatred, ill will, and spirit of revenge towards"

5

defendant and that plaintiff "demeaned and abused the judicial process and he perverted the purposes of the FDCPA and AFDCPA.")

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Attorney's Fees, [Doc. No. 98], is **denied**.

Dated this 22nd day of June, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE